**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com
*- additional counsel on signature page -*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN G. CHEEHY, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| vs. | |
| EKSO BIONICS HOLDINGS, INC., THOMAS LOOBY and MAXIMILIAN SCHEDER-BIESCHIN, | JURY TRIAL DEMANDED |
| Defendants | |

Plaintiff Steven G. Cheehy ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Ekso Bionics Holdings, Inc. ("Ekso" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

**NATURE OF THE ACTION**

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired common shares of Ekso between March 15, 2017 and December 27, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

2. Ekso Bionics Holdings, Inc. designs, develops, and sells exoskeletons for use in the healthcare, industrial, military, and consumer markets in North America, Europe, the Middle East, and Africa. The Company operates through Medical Devices, Industrial Sales, and Engineering Services segments. It primarily offers Ekso GT, a bionic suit that provides the ability to stand and walk over ground to individuals with spinal cord injuries, hemiplegia, and lower limb paralysis or weakness.

3. Founded in 2005, the Company is headquartered in Richmond, California, and its stock trades on the NASDAQ Capital Market ("NASDAQ") under the ticker symbol "EKSO."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Ekso had a material weakness in its internal control over financial reporting; (ii) accordingly, Ekso's disclosure controls and procedures were not effective; and (iii) as a result of the foregoing, Ekso's public statements were materially false and misleading at all relevant times.

5. On December 14, 2017, Ekso filed a current report on Form 8-K with the SEC, advising investors that "the Company's internal control over financial reporting as of December 31, 2016 should no longer be relied upon and that a material weakness in the Company's internal control over financial reporting existed as of such date." Specifically, Ekso stated that its announcement was due to a

reevaluation of the Company's information technology ("IT") controls by OUM & Co. LLP ("OUM"), the Company's auditor. Ekso stated that it intended "to amend our Annual Report on Form 10-K for the fiscal year ended December 31, 2016 and our Quarterly Reports on Form 10-Q for the periods ended March 31, 2017, June 30, 2017 and September 30, 2017 to reflect the conclusion by management that there was a material weakness in internal control over financial reporting and that our disclosure controls and procedures were not effective as of the end of the periods covered by these reports."

6. On this news, Ekso's share price fell $0.15, or 6.17%, to close at $2.28 on December 15, 2017.

7. On December 27, 2017, post-market, Ekso filed an amended annual report for 2016 and amended quarterly reports for the first three quarters of 2017 on Form 10-Q.

8. On this news, Ekso's share price fell $0.34, or over 13%, to close at $2.23 on December 28, 2017.

9. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**JURISDICTION AND VENUE**

10. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

11. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

12. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Ekso's principal executive offices are located within this Judicial District.

13. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

14. Plaintiff, as set forth in the accompanying Certification, purchased Ekso securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

15. Defendant Ekso is incorporated in Nevada, and the Company's principal executive offices are located at 1414 Harbour Way South, Suite 1201, Richmond, California 94804. Ekso's common stock trades on the NASDAQ under the ticker symbol "EKSO."

16. Defendant Thomas Looby ("Looby") has served at all relevant times as the Company's Chief Executive Officer ("CEO"), President and Director.

17. Defendant Maximilian Scheder-Bieschin ("Scheder-Bieschin") has served at all relevant times as the Company's Chief Financial Officer ("CFO").

18. The Defendants referenced above in ¶¶ 16-17 are sometimes referred to collectively herein as the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background**

19. Ekso Bionics Holdings Inc. designs, develops, and sells exoskeletons for use in the healthcare, industrial, military, and consumer markets in North America, Europe, the Middle East, and Africa. The Company operates through Medical Devices, Industrial Sales, and Engineering Services segments. It primarily offers Ekso GT, a bionic suit that provides the ability to stand and walk over ground to individuals with spinal cord injuries, hemiplegia, and lower limb paralysis or weakness.

**Materially False and Misleading Statements Issued During the Class Period**

20. The Class Period begins on March 15, 2017, when Ekso filed an annual report on Form 10-K with the SEC, announcing the Company's financial and operating results for the quarter and year ended December 31, 2016 (the "2016 10-K"). For the quarter, Ekso reported a net loss of $5.58 million, or $0.29 per diluted share, on revenue of $2.59 million, compared to a net loss of $4.65 million, or $0.63 per diluted share, on revenue of $1.94 million for the same period in the prior year. For 2016, Ekso reported a net loss of $23.47 million, or $1.87 per diluted share, on revenue of $14.22, compared to a net loss of $19.59 million, or $1.66 per diluted share, on revenue of $8.66 million for 2015.

21. In the 2016 10-K, the Company stated, in relevant part:

> The Company's management assessed the effectiveness of the Company's internal control over financial reporting as of December 31, 2016 based on the criteria set forth by the Committee of Sponsoring Organizations of the Treadway Commission in Internal Control—Integrated Framework (2013). The Company's management believes that based on this criteria, as of December 31, 2016, the Company's internal control over financial reporting is effective.
>
> The effectiveness of our internal control over financial reporting as of December 31, 2016 has been audited by OUM LLP, an independent registered public accounting firm, as stated in their report, which appears under Item 8 of this Annual Report on Form 10-K.
>
> *Changes in Internal Control Over Financial Reporting:*
>
> There were no changes in our internal control over financial reporting identified in connection with the evaluation required by (d) of Exchange Act Rules 13a-15 or 15d-15 that occurred during our fourth quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

22. In the 2016 10-K, Ekso included a Report of Independent Registered Public Accounting Firm, signed by OUM, stating that "Ekso Bionics Holdings, Inc. maintained, in all material respects, effective internal control over financial reporting as of December 31, 2016."

23. The 2016 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that "the information contained in the [2016 10-K]

fairly presents, in all material respects, the financial condition and results of operations of the Company at the dates and for the periods indicated."

24. On May 9, 2017, Ekso filed a quarterly report on Form 10-q with the SEC, announcing the Company's financial and operating results for the quarter ended March 31, 2017 (the "Q1 2017 10-Q"). For the quarter, Ekso reported a net loss of $8.30 million, or $0.38 per diluted share, on revenue of $1.44 million, compared to a net loss of $3.65 million, or $0.44 per diluted share, on revenue of $8.49 million for the same period in the prior year.

25. In the Q1 2017 10-Q, under the heading "Item 4. Controls and Procedures", Ekso stated, in part:

> *Changes in Internal Control Over Financial Reporting*
>
> There were no changes in our internal control over financial reporting that occurred during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

26. The Q1 2017 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that "the information contained in the [Q1 2017 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company at the dates and for the periods indicated."

27. On August 7, 2017, Ekso filed a quarterly report on Form 10-q with the SEC, announcing the Company's financial and operating results for the quarter ended June 30, 2017 (the "Q2 2017 10-Q"). For the quarter, Ekso reported a net loss of $5.51 million, or $0.22 per diluted share, on revenue of $1.87 million, compared to a net loss of $5.77 million, or $0.61 per diluted share, on revenue of $1.55 million for the same period in the prior year.

28. In the Q2 2017 10-Q, under the heading "Item 4. Controls and Procedures", Ekso stated, in part:

> *Changes in Internal Control Over Financial Reporting*

> There were no changes in our internal control over financial reporting that occurred during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

29. The Q2 2017 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that "the information contained in the [Q2 2017 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company at the dates and for the periods indicated."

30. On November 8, 2017, Ekso filed a quarterly report on Form 10-q with the SEC, announcing the Company's financial and operating results for the quarter ended September 30, 2017 (the "Q3 2017 10-Q").  For the quarter, Ekso reported a net loss of $6.34 million, or $0.18 per diluted share, on revenue of $1.60 million, compared to a net loss of $8.48 million, or $0.60 per diluted share, on revenue of $1.60 million for the same period in the prior year.

31. In the Q3 2017 10-Q, under the heading "Item 4. Controls and Procedures", Ekso stated, in part:

*Changes in Internal Control Over Financial Reporting*

> There were no changes in our internal control over financial reporting that occurred during the most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

32. The Q3 2017 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that "the information contained in the [Q3 2017 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company at the dates and for the periods indicated."

33. The statements referenced in ¶¶ 20-32 above were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly

disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Ekso had a material weakness in its internal control over financial reporting; (ii) accordingly, Ekso's disclosure controls and procedures were not effective; and (iii) as a result of the foregoing, Ekso's public statements were materially false and misleading at all relevant times.

## The Truth Begins to Emerge

34. On December 14, 2017, post-market, Ekso filed a Form 8-K with the SEC stating "that the Company's internal control over financial reporting was not effective at December 31, 2016 and, accordingly, its disclosure controls and procedures were not effective at December 31, 2016 or for subsequent interim periods," stating in pertinent part:

> On December 8, 2017, OUM & Co. LLP ("OUM") notified Ekso Bionics Holdings, Inc. (the "Company") that it had concluded that its report on the effectiveness of the Company's internal control over financial reporting as of December 31, 2016 should no longer be relied upon and that a material weakness in the Company's internal control over financial reporting existed as of such date. This material weakness has not resulted in a restatement of the Company's consolidated financial statements or footnote disclosures for any periods through and including the fiscal year ended December 31, 2016.
>
> ***
>
> As part of its original audit of the Company's financial statements included in the 2016 10-K, OUM assessed the Company's internal control over financial reporting as of December 31, 2016. At that time, OUM and the Company concluded that the Company maintained effective internal control over financial reporting as of December 31, 2016.
>
> Subsequent to the issuance of the 2016 10-K, the Public Company Accounting Oversight Board conducted an inspection of OUM's 2016 audit of the Company. As a result, OUM reevaluated the Company's information technology (IT) general controls, and has now concluded that a "material weakness" existed as of December 31, 2016.
>
> As a result of the identified material weakness, OUM has performed additional testing on the Company's financial statements as of and for the year ended December 31, 2016 to reconfirm their opinion on the fairness of the financial statements included in the 2016 10-K without reliance on the effectiveness of the Company's internal controls. As noted above, OUM has now reconfirmed its unqualified opinion on the fairness of the Company's financial statements included in the 2016 10-K.
>
> After consultation with OUM, management has now concluded that the Company's internal control over financial reporting was not effective at December 31, 2016 and,

accordingly, its disclosure controls and procedures were not effective at December 31, 2016 or for subsequent interim periods. . . .

We plan to amend our Annual Report on Form 10-K for the fiscal year ended December 31, 2016 and our Quarterly Reports on Form 10-Q for the periods ended March 31, 2017, June 30, 2017 and September 30, 2017 to reflect the conclusion by management that there was a material weakness in internal control over financial reporting and that our disclosure controls and procedures were not effective as of the end of the periods covered by these reports. OUM's auditor's report on the Company's internal control over financial reporting will also be revised to state that the Company's internal control over financial reporting at December 31, 2016 was not effective.

35. On this news, Ekso's share price fell $0.15, or 6.17%, to close at $2.28 on December 15, 2017.

36. On December 27, 2017, post-market, Ekso filed an amended annual report for 2016 and amended quarterly reports for the first three quarters of 2017 on Form 10-Q.

37. On this news, Ekso's share price fell $0.34, or over 13%, to close at $2.23 on December 28, 2017.

38. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

39. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Ekso common shares traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

40. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Ekso common shares were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Ekso or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

41. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

42. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

43. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of Ekso;

- whether Defendants caused Ekso to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Ekso securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

45. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Ekso common shares are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's common shares; and

- Plaintiff and members of the Class purchased and/or sold Ekso common shares between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

46. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

47. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

48. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

49. This Count is asserted against Ekso and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

50. During the Class Period, Ekso and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

51. Ekso and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Ekso common shares during the Class Period.

12

52. Ekso and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Ekso were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These Defendants by virtue of their receipt of information reflecting the true facts of Ekso, their control over, and/or receipt and/or modification of Ekso allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Ekso, participated in the fraudulent scheme alleged herein.

53. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Ekso personnel to members of the investing public, including Plaintiff and the Class.

54. As a result of the foregoing, the market price of Ekso common shares was artificially inflated during the Class Period. In ignorance of the falsity of Ekso's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Ekso common shares during the Class Period in purchasing Ekso common shares at prices that were artificially inflated as a result of Ekso's and the Individual Defendants' false and misleading statements.

55. Had Plaintiff and the other members of the Class been aware that the market price of Ekso common shares had been artificially and falsely inflated by Ekso's and the Individual Defendants' misleading statements and by the material adverse information which Ekso's and the Individual

Defendants did not disclose, they would not have purchased Ekso's common shares at the artificially inflated prices that they did, or at all.

56. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

57. By reason of the foregoing, Ekso and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Ekso common shares during the Class Period.

## COUNT II

### Violation of Section 20(a) of The Exchange Act Against The Individual Defendants

58. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59. During the Class Period, the Individual Defendants participated in the operation and management of Ekso, and conducted and participated, directly and indirectly, in the conduct of Ekso's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's inadequate internal safeguards in data security protocols.

60. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Ekso's financial condition and results of operations, and to correct promptly any public statements issued by Ekso which had become materially false or misleading.

61. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Ekso disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Ekso to engage in the

wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Ekso within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Ekso common shares.

62.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Ekso.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 10, 2018

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II

600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail: pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Attorneys for Plaintiff*

# CERTIFICATION PURSUANT
# TO FEDERAL SECURITIES LAWS

1. I, __Steven G. Cheehy_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Ekso Bionics Holdings, Inc. ("Ekso" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Ekso securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Ekso securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in Ekso securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.

**Executed**  December 28, 2017
            **(Date)**

*(Signature)*

Steven G. Cheehy
**(Type or Print Name)**

**EKSO BIONICS HOLDINGS, INC. (EKSO)**                                    **Cheehy, Steven G.**

## LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 12/14/2017 | Purchase | 5,000 | $2.5000 |